IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

REX A. NICHOLS, )
NICHOLS PROPERTIES, INC., and )
CAMBRON INVESTMENTS, LLC, )
    Plaintiffs, )
     )
v. ) CIVIL ACTION NO. 13-00113-KD-M
     )
COMMUNITY BANK AND TRUST OF )
SOUTHEAST ALABAMA d/b/a COASTAL )
BANK AND TRUST, )
    Defendant. )

## ORDER

This action is before the Court on Defendant's "Motion Pursuant to Rule 60(b) to Set Aside the Court's Order of Dismissal (Doc. 29) and to Set a Briefing Schedule Regarding Voluntary Dismissal Pursuant to Rule 41(a)(2)" (Doc. 30), along with the various supplements and responses to same (Docs. 33, 34, 38, 41, 43).[1] Upon consideration, the Court finds that Defendant's motion is due to be **GRANTED** but that this action is again due to be **DISMISSED without prejudice**, though with costs taxed against certain Plaintiffs.

    **I.**    **Rule 60(b) Motion**

Defendant moves to vacate or set aside the Court's Order granting Plaintiffs' Voluntary Motion to Dismiss and dismissing this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (Doc. 29). Defendant requests such relief for the purpose of being allowed to adequately address why dismissal without prejudice should be denied. In the alternative, Defendant requests that the Court reopen this case in order to assess costs against or place conditions on Plaintiffs in conjunction with the dismissal to reduce prejudice.

---

[1] Plaintiffs' "Motion to Allow Time for Plaintiffs to File a Response to Defendant Synovus Bank's Amendment to Synovus' Motion to Set Aside Order" is **MOOT**, due both to the issuance of this Order and the fact that Plaintiffs' appear to have already filed the response (Doc. 43).

Defendant moves for such relief pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, which permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . inadvertence, surprise, or excusable neglect . . ." As grounds, Defendant argues that its counsel misinterpreted the Court's Order dated July 11, 2013 (Doc. 27), which set a deadline for Defendant to object to the Voluntary Motion to Dismiss and stated that "[i]f no such objection is filed by that date, the motion will be granted and this action will be dismissed without prejudice." Specifically, Defendant states that counsel did not realize 1) that the Court would treat Plaintiffs' Voluntary Motion to Dismiss (Doc. 26), by its own words filed "pursuant to Fed.R.Civ.P. 41(a)(1)," as a motion to dismiss pursuant to Rule 41(a)(2), and 2) that the Court sought a substantive objection to the motion to dismiss, rather than "an objection that was simple and to the point" (Doc. 30 at 3, ¶ 3) like the one Defendant filed (Doc. 28). Rather, Defendant states that its "[c]ounsel acted in good faith in reading the Order as merely inquiring from Defendant whether or not it would in fact object to such a dismissal, and that failure to timely object would amount to consent." (Doc. 30 at 3, ¶ 3). Defendant argues that it can demonstrate "clear legal prejudice" resulting from the dismissal without prejudice, see <u>Pontenberg v. Boston Scientific Corp.</u>, 252 F.3d 1253, 1255-56 (11th Cir. 2001), and requests that it be given the opportunity to do so. In their response (Doc. 34), Plaintiffs deny that Defendant can demonstrate such prejudice.[2]

"Excusable neglect is generally an 'equitable inquiry' based upon the particular circumstances of the case." <u>Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.</u>, 591 F.3d 1337, 1355 (11th Cir. 2009) (quoting <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993)). The Eleventh Circuit "has demonstrated its wariness of grants

---

[2] Plaintiffs also request that Defendant be admonished for bringing its motion to set aside and that they be awarded attorneys' fees for having to respond to Defendant's motion. (Doc. 34 at 8). The Court **DENIES** both requests.

of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993).

Regarding the Court's discretion under Rule 41(a)(2), the Eleventh Circuit has held:

> The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir.1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other then the mere prospect of a subsequent lawsuit,* as a result." Id. at 856-57. "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir.1967). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." McCants, 781 F.2d at 857.

Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255-56 (11th Cir. 2001).

The Court has considered Defendant's argument and finds that its failure to respond substantively was simply a mistake. Accordingly, Defendant's Rule 60(b) motion is due to be **GRANTED**, and the Court's Order dismissing this action and dated July 17, 2013 (Doc. 29), is **VACATED**. Accordingly, the Court will consider all of the pleadings filed on this issue to determine whether there was bad faith on the part of Plaintiffs in dismissing their claims and whether Defendant has suffered clear legal prejudice.

## II. Dismissal without Prejudice

First, the Court does not find bad faith in Plaintiffs' dismissal of their claims. Plaintiffs' desire to file their related claims in one suit does not constitute bad faith. Moreover, counsel's belief that Crimson Monroe LLC and Crimson Wildflower LLC were Alabama citizens, thus depriving this court of jurisdiction, was also not without a good faith basis; both entities were formed in Alabama.[3]

Second, the Court does not find clear legal prejudice. The fact that Plaintiffs may gain a

---

[3] The failure to know that an LLC's citizenship is determined by the citizenship of the members is the most frequent mistake made by both attorneys and judges concerning diversity of citizenship.

tactical advantage does not constitute clear legal prejudice. McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986) ("[I]t is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." ). Also, "Rule 41(a)(2) provides no guarantee of federal jurisdiction to protect a removed action. Thus, it is not an abuse of discretion for the district court to dismiss an action without prejudice even where the plaintiff's only motive is to recommence the action in state court. See Culverhouse v. Biehl & Co., 24 F.R.D. 198, 199-200 (S.D. Tex. 1959); Welter v. E.I. Du Pont De Nemours & Co., 1 F.R.D. 551, 552-53 (D. Minn. 1941)." Am. Nat. Bank & Trust Co. of Sapulpa v. Bic Corp., 931 F.2d 1411, 1413 (10th Cir. 1991). "Prejudice does not arise simply because a second action has been or may be filed against the defendant, Am. Nat'l Bank & Trust Co., 931 F.2d at 1412, which is often the whole point in dismissing a case without prejudice." Brown v. Baeke, 413 F.3d 1121, 1124 (10th Cir. 2005).[4] Accordingly, the Court again finds that Plaintiffs' voluntary motion to dismiss this action without prejudice (Doc. 29) is due to be **GRANTED** pursuant to

---

[4] See also Therrien v. New England Tel. & Tel. Co., 102 F. Supp. 350, 351 (D.N.H. 1951) ("Dismissal and the subsequent litigation in the state court will of necessity preclude the defendant from a trial here, but without a showing that it has acquired some right or that it seeks or has become entitled to affirmative relief, the denial of which would work actual prejudice to it, no valid objection will lie. Welter v. E. F. DuPont De Nemours & Co., D.C., 1 F.R.D. 551, 553. That the defendant will be subjected to a second suit is no bar to an order of dismissal without prejudice. Home Owners' Loan Corp v. Huffman, 8 Cir., 134 F.2d 314, 318; Mott v. Connecticut General Life Insurance Co., D.C. 2 F.R.D. 523, 525."); Culverhouse v. Biehl & Co., 24 F.R.D. 198, 200 (S.D. Tex. 1959) ("The Federal Rules give some 'security' to the removed action, so that in many circumstances the removal cannot be nullified by action of the adverse party . . . On motion for voluntary dismissal, however, on [sic] such guarantee of federal jurisdiction that might protect a removed action can be found in the language of the rules or the trend of their interpretation. Motions for voluntary dismissal have frequently been granted in cases removed by defendant to federal court, even where plaintiff's only motive is to recommence the action in state court. Mott v. Connecticut General Life Ins. Co., D.C. Iowa 1942, 2 F.R.D. 523, and Welter v. E. I. Du Pont De Nemours & Co., D.C. Minn. 1941, 1 F.R.D. 551. Where plaintiff desires to join additional parties that might destroy diversity of citizenship, his only recourse may be voluntary dismissal so that the joinder may be effected in another jurisdiction."); Marion ex rel. Nabors v. Holly Springs Health Ctr. Ass'n, Inc., Civ. A. No. 3:05CV006-P-A, 2005 WL 1661727, at *2 (N.D. Miss. July 15, 2005) ("Dismissals under Rule 41(a)(2) without prejudice are allowed in removal actions even though the plaintiff might refile in state court. See e.g., Culverhouse v. Biehl & Co., 24 F.R.D. 198 (S.D. Tex. 1959). A denial of a motion for voluntary dismissal under Rule 41(a)(2) without prejudice is not warranted merely because a plaintiff might attain a tactical advantage. Templeton v. Nedlloyd Lines, 901 F.2d 1273 (5th Cir. 1990).").

Rule 41(a)(2).

### III. Attaching Conditions to Dismissal

Defendant's argument that considerable costs have been expended in defending the suit in federal court, and thus it is due to be reimbursed, has some merit. "Where the 'practical prejudice' of expenses incurred in defending the action can be 'alleviated by the imposition of costs or other conditions,' the district court does not abuse its 'broad equitable discretion' by dismissing the action without prejudice." Pontenberg, 252 F.3d at 1260 (quoting McCants, 781 F.2d at 859).[5] Costs assessed in conjunction with granting to a Rule 41(a)(2) motion to dismiss without prejudice "may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees." McCants, 781 F.2d at 860 (citing American Cyanamid Co. v. McGhee, 317 F.2d 295, 298 (5th Cir. 1963), and Bishop v. West American Insurance Co., 95 F.R.D. 494, 495 (N.D. Ga. 1982)). "Where a subsequent similar suit between the parties is contemplated, expenses awarded might be limited to those incurred in discovering information and researching and pressing legal arguments that will not be useful in the later suit." Id. (citing Germain v. Semco Serv. Mach. Co, Inc., 79 F.R.D. 85, 87 (E.D.N.Y. 1978)). In addition, "[a]

---

[5] See also McCants, 781 F.2d at 860-61 ("A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation. See LeCompte[ v. Mr. Chip, Inc.], 528 F.2d [601,] 603[ (5th Cir. 1976)]; 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice § 41.06 (2d ed. 1985); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2366 (1971) . . . [T]he district court did not explicitly rule on appellant's request, instead simply denying it by implication by failing to impose or discuss any conditions when the dismissal without prejudice was ordered. []As a result, the record now before this court is insufficient to allow us to evaluate the district court's exercise of its discretion in rejecting appellant's request for the attachment of conditions to its order dismissing the case . . . The district court judge is in a far better position than we are to weigh and advise us concerning the equities, whether currently in the record or not, that militate for and against the imposition of the various conditions appellant claims are due. We simply cannot properly evaluate the district court's exercise of its discretion in this regard without the benefit of some record of the factors it took into consideration in reaching its decision. We thus remand the case, with instructions as indicated below, for further proceedings in the district court. See LeCompte, 528 F.2d at 605 (remanding case for reconsideration of dismissal without prejudice pursuant to Rule 41(a)(2) because "there is nothing in the order or in the record from which we can ascertain whether the court properly exercised its discretion in imposing conditions on the dismissal").").

dismissal without prejudice pursuant to Rule 41(a)(2) may be conditioned upon the satisfaction of other non-monetary conditions designed to alleviate the prejudice the defendant might otherwise suffer." Id. (citing LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 603 (5th Cir. 1976) (citing cases)).

When the re-filing of an action is only contemplated but has not occurred, courts have often attached as a condition of dismissal without prejudice that a plaintiff be made to pay a defendant's costs only in the event the action is re-filed. See, e.g., Pontenberg, 252 F.3d at 1260 ("Here, the district court attached the condition that, should Pontenberg re-file her action, the court should award costs to Boston Scientific pursuant to Rule 41(d). Therefore, any financial prejudice suffered by Boston Scientific has been adequately addressed."); Brown v. ITPE Health & Welfare Fund, 2:05 CV 1002 ID, 2006 WL 2711511 (M.D. Ala. Sept. 21, 2006) ("[I]t is CONSIDERED and ORDERED that Plaintiff's Rule 41(a)(2) motion to dismiss without prejudice be and the same is hereby GRANTED upon the conditions that, should Plaintiff re-file her lawsuit, she shall pay Defendant the costs incurred in defending this litigation and the attorney's fees reasonably incurred by Defendant as a result of filing its motion for summary judgment. The court retains jurisdiction over this lawsuit for the purpose of fixing the amount of costs and reasonable attorney's fees in the event Plaintiff re-files this lawsuit."); Baltazar v. Balboa Ins. Co., No. 8:10-CV-2932-T-33MAP, 2012 WL 113531, at *3 (M.D. Fla. Jan. 13, 2012). The Court notes that Plaintiff Rex Nichols, unlike the other two Plaintiffs, is not a party to the subsequently-filed state court action. (Doc. 30-2). However, because the Court assesses costs against Plaintiffs Nichols Properties, Inc. and Cambron Investments, LLC ("the corporate Plaintiffs"), see infra, the Court finds that the practical prejudice of dismissal has been sufficiently alleviated such that no separate conditions need be assessed against Rex Nichols.

Defendant removed this action from state court on the basis of diversity pursuant 28

6

U.S.C. § 1332, in spite of both the presence of a non-diverse defendant, Mark Brinton, and Plaintiffs' allegation that Defendant was an Alabama (and therefore also non-diverse) citizen. (Doc. 1). In both its Notice of Removal, and later in opposition to Plaintiffs' Motion to Remand, Defendant spent considerable effort arguing both its own corporate citizenship (Georgia) and why Mark Brinton[6] had been fraudulently joined to defeat diversity. Ultimately, the Magistrate Judge agreed with Defendant's arguments and recommended denial of Plaintiffs' Motion to Remand. (Doc. 22). Plaintiffs filed their voluntary motion to dismiss the day before objections to the Report and Recommendation were due. (Doc. 26).

Defendant contends that it has "incurred significant costs in briefing the fraudulent joinder issue in front of [the Magistrate Judge] as well as costs related to this dismissal and re-filing of the claims against [Defendant] as part of a new case also against other defendants." (Doc. 41 at 7). In this case, the Court finds that the interests of justice and the mandate of Rule 41(a)(2) would best be served by awarding Defendant some amount to defray attorneys' fees and costs associated with defending against Plaintiffs' Motion to Remand. Such costs were "incurred in discovering information and researching and pressing legal arguments that will not be useful in" the corporate Plaintiffs' state-court case. McCants, 781 F.2d at 860.

"A court . . . 'is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (citing Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940))). Also, the Court may rely without additional briefing "on its own expertise to fashion a pragmatic and reasonable remedy to save Defendant[] from unnecessarily incurring additional fees. As the Supreme Court

---

[6] Brinton was subsequently dismissed by Plaintiffs pursuant to Rule 41(a)(1)(A)(i). (Docs. 26-27).

7

has explained, '[a] request for attorney's fees should not result in a second major litigation.' " Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 F. App'x 888, 894-95 (11th Cir. 2011) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)) (footnote omitted). Upon consideration of the record, the Court finds that an award of $3,000.00 is appropriate.

### IV. Conclusion

In accordance with the foregoing analysis, it is **ORDERED** as follows:

1. Defendant's Rule 60(b) motion to set aside (Docs. 30, 41) is **GRANTED** such that the Court's Order dismissing this action and dated July 17, 2013 (Doc. 29) is **VACATED**;

2. Defendant is awarded attorneys' fees and costs from Plaintiffs Nichols Properties, Inc. and Cambron Investments, LLC in the amount of **$3,000.00**; and

3. Plaintiffs' Voluntary Motion to Dismiss (Doc. 26) is **GRANTED** and this action is **DISMISSED without prejudice**.

Judgment in accordance with this Order shall issue by separate document.

**DONE** and **ORDERED** this the **21st** day of **August 2013**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**